UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMANDA GONZALEZ,
 Plaintiff,

v.

NEW BEGINNINGS FOR LIFE, LLC,
 Defendant.

No. 3:19cv1736 (MPS)

### RULING ON MOTION TO DISMISS

Amanda Gonzalez brings this action against New Beginnings for Life, LLC, alleging that the defendant terminated her employment in violation of the ADA (count 1) and FMLA (counts 2, 3). (ECF No. 1.) The defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for improper service of process, 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure to state a claim. (ECF No. 14.) For the reasons that follow, I agree that the plaintiff has failed to effect proper service but deny the motion to dismiss without prejudice and grant the plaintiff an additional 30 days to effect proper service on the defendant.

**I. Legal Standard**

"A Rule 12(b)(5) motion to dismiss will be granted if the plaintiff[] fail[s] to serve a copy of the summons and complaint on a defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Szymonik v. Connecticut*, No. 3:18CV263(MPS), 2019 WL 203117, at *2 (D. Conn. Jan. 15, 2019), *aff'd*, 807 F. App'x 97 (2d Cir. 2020). "If a defendant does not receive service in compliance with Rule 4 of the Federal Rules of Civil Procedure and does not waive formal service, the court lacks personal jurisdiction over the defendant." *Assets Recovery 23, LLC v. Gasper*, No. 15CV5049, 2017 WL 3610568, at *4 (E.D.N.Y. July 25, 2017). *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012*)* (For a federal court to exercise personal

jurisdiction, "the plaintiff's service of process upon the defendant must have been procedurally proper."); *Carliell v. Am. Inv. Exchange*, LLC, No. 3:12CV1700(JCH), 2013 WL 4782133, at *2 (D. Conn. Sept. 5, 2013) ("[s]ufficiency of service is a precondition for the court's exercise of jurisdiction over a party and, therefore, constitutes an interrelated ground on which to dismiss a case for lack of personal jurisdiction pursuant to Rule 12(b)(2).") When proof of service is challenged, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). "To determine whether service has been satisfied, the court is permitted to look beyond the complaint." *Founders Ins. Co. v. Cuz DHS, LLC*, No. 3:17CV1476(JCH), 2017 WL 5892194, at *3 (D. Conn. Nov. 28, 2017). In deciding the issue, "a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).

**II.  Discussion**

**A.  Service**

Fed. R. Civ. P. 4(e) and (h)(1) together provide that service of process on a domestic entity may be made as authorized by the law of either the state in which the district court sits or in which service is effected. The defendant is a domestic limited liability company. (ECF No. 14-4, Young Aff. ¶1.) As such, "Connecticut state law provides two alternative methods for service of process" -- Conn. Gen. Stat. § 52-57(c) and Conn. Gen. Stat. § 34-243r. *Founders Ins. Co.*, 2017 WL 5892194, at *4. The parties agree that § 34-243r governs this case.

Conn. Gen. Stat. § 34-243r(a) provides that an LLC "may be served with any process, notice or demand required or permitted by law by serving its registered agent."

Conn. Gen. Stat. § 34-243r(d) provides in pertinent part:

> If process, notice or demand cannot be served on a limited liability company . . . pursuant to subsection (a) . . . of this section, service may be made by handing a

copy to the individual in charge of any regular place of business or activity of the company or foreign company if the individual served is not a plaintiff in the action.

The plaintiff did not serve the registered agent as provided under subsection (a). Instead, she asserts that service was proper under subsection (d) because she served an "individual in charge" and proffers the affidavit of the state marshal. The marshal attests that he ascertained that Ms. Ellen Young was the registered agent and that her business address was 263 South Main Street in Colchester. (ECF No. 18-2, Niziankiewicz Aff. ¶3.) When he arrived at the location on November 20, 2019, he "inquired with one of the employees present if the Agent was present and was told she was 'not available.'" (ECF No. 18-2, Niziankiewicz Aff. ¶5.) He then asked an employee who was in charge and was told it was Kayla Commesso, whom he served. (ECF No. 18-2, Niziankiewicz Aff. ¶¶7-8.)

The defendant argues that Commesso is not an "individual in charge" under subsection (d) but in any event, the plaintiff cannot avail herself of subsection (d) because she has not shown as a required predicate that "process . . . cannot be served on a limited liability company . . . pursuant to subsection (a)." § 34-243r(d). By its terms, subsection (d) provides for service only if the registered agent cannot be served under subsection (a). Because the record indicates only that Young was not "available" on the one day the marshal attempted to make service, I agree that the plaintiff has not shown service could not be made under subsection (a). I therefore need not resolve the issue of whether Commesso was an individual in charge under subsection (d).

**B.   Rule 4(m)**

In lieu of dismissal for insufficient service, the plaintiff requests an extension of time under Rule 4(m) in which to serve the defendant.

Rule 4(m) provides that a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served by the deadline, "the court — on motion

3

or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*[1] Even in the absence of good cause, district courts have discretion to grant an extension of time to effect proper service. *See* Fed R. Civ. P. 4(m) advisory committee's note to 1993 amendment (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions [to serve] even in the absence of good cause.").

When determining whether to grant a discretionary extension, the Court considers "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Britton v. Connecticut,* No. 3:14CV133(MPS), 2016 WL 308774, at *5 (D. Conn. Jan. 25, 2016).

It is a close call. On the one hand, the plaintiff was clearly apprised of the defendant's claim of improper service yet neglected to request an extension in which to properly effect service. *See Harper v. City of New York*, No. 09 Civ. 5571, 2010 WL 4788016, at *6 (E.D.N.Y. Nov. 17, 2010) (declining to grant discretionary extension "where the need for the extension results entirely from counsel's neglect and the request for it came only after the time for service expired, in

---

[1] I need not address whether the plaintiff demonstrates good cause for the failure to effectuate service because I find a discretionary extension is appropriate. *See Klein v. Dep't of Veterans Affairs*, No. 1:18-CV-00360, 2019 WL 1284270, at *3 (W.D.N.Y. Mar. 20, 2019) (good cause analysis unnecessary when the court finds a discretionary extension is appropriate even without good cause).

4

response to a motion to dismiss"), *aff'd*, 424 F. App'x 36 (2d Cir. 2011) (summary order). On the other hand, dismissal of this case would be fatal to the plaintiff's ADA claim, which would be barred by the statute of limitations. Moreover, it is undisputed that the defendant had actual notice of the complaint both within the 90 day service period and within the statute of limitations period, and there is no indication that it would suffer any prejudice if the time to serve the complaint under Rule 4(m) is extended. I find these latter considerations weigh in favor of affording the plaintiff a discretionary extension. Accordingly, the plaintiff is granted 30 days from this order in which to serve the defendant and file proof of service.

Because the plaintiff has failed to meet her burden of showing that the Court has jurisdiction over the defendant, "the Court 'lacks power to dismiss [the C]omplaint for failure to state a claim.'" *Hertzner v. U.S. Postal Serv.*, No. 05CV2371, 2007 WL 869585, at *8 (E.D.N.Y. Mar. 20, 2007) (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)). If the defendant is properly served, it may renew its Rule 12(b)(6) arguments by filing a motion incorporating its prior briefing.

### III.   CONCLUSION

For these reasons, the defendant's motion to dismiss the plaintiff's complaint is denied without prejudice.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             August 24, 2020